UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROL PARK,

    Plaintiff,

v.                                        Case No:   2:14-cv-593-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court on Plaintiff Carol Ann Park's Complaint (Doc. 1) filed on October 14, 2014.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **affirmed** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work, or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.     Procedural History

On November 17, 2010, Plaintiff filed an application for disability insurance benefits and for supplemental security income asserting an onset date of September 30, 2010. (Tr. at 71-72, 153-159). Plaintiff's applications were denied initially on January 18, 2011, and on reconsideration on April 28, 2011. (Tr. at 71-74). A hearing was held before Administrative Law Judge ("ALJ") William Manico on January 28, 2013. (Tr. at 34-62). The ALJ issued an unfavorable decision on March 19, 2013. (Tr. at 12-28). The ALJ found Plaintiff not to be under a disability from September 30, 2010, through the date of the decision. (Tr. at 28).

On August 29, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 14, 2014. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 18).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2013. (Tr. at 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2010, the alleged onset date. (Tr. at 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative arthritis, status post right knee reconstruction, and depression. (Tr. at 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 17). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work except that Plaintiff:

> may only occasionally climb ramps or stairs, balance, or stoop. Continuous walking is limited to approximately 15 minutes. Claimant may never kneel, crouch, crawl or climb ladders, ropes or scaffolds. [footnote omitted]. Claimant should avoid exposure to hazards. [footnote omitted]. Claimant should be allowed the assistance of a cane if she needs one to ambulate. [footnote omitted]. Claimant retains the mental rfc to perform work which allows her to have a work break approximately every 2 hours, where interactions with others are incidental to the work performed, and which does not involve interacting with the general public. [footnote omitted].

3

(Tr. at 20). The ALJ determined that Plaintiff is capable of performing her past relevant work as an Administrative Assistant as she actually performed it, finding that this work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. (Tr. at 27). The ALJ concluded that Plaintiff was not under a disability from September 30, 2010, through the date of the decision. (Tr. at 28).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff raises two issues.  As stated by Plaintiff, they are:  (1) the ALJ's decision was in error by failing to identify limitations with respect to Plaintiff's ability to concentrate; and (2) the ALJ's decision was in error in finding that Plaintiff could perform her past relevant work without identifying the complexity of the tasks involved with that work, and considering whether Plaintiff had the mental residual functional capacity to perform those tasks.  The Commissioner responds that (1) substantial evidence supports the ALJ's assessment of Plaintiff's RFC; and (2) Plaintiff failed to meet her burden of proving she could not perform her past relevant work as an administrative assistant.

**A.  Limitation as to Concentration**

Plaintiff argues that the ALJ erred in failing to comply with Social Security Ruling 96-6P by failing to explain the weight accorded the medical advisor to the state Disability Determination Service ("DDS"). [2] Specifically, Plaintiff claims that Dr. Patricia Clark, the

---

[2] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration.  [citation omitted]  Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).
SSR 96-6P provides in part as follows:
> **PURPOSE**: To clarify Social Security Administration policy regarding the consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists by adjudicators at the administrative law judge and Appeals Council levels. Also, to restore to the Rulings and clarify policy interpretations regarding administrative law judge and Appeals Council responsibility for obtaining opinions of physicians or psychologists designated by the Commissioner regarding equivalence to listings in the Listing of Impairments (appendix 1, subpart P of 20 CFR part 404) formerly in SSR 83-19. In particular, to emphasize the following longstanding policies and policy interpretations:
>
> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and

medical advisor to DDS, found that Plaintiff would have moderate limitations in: (1) the ability to carry out, understand, and remember detailed instructions; (2) the ability to maintain attention and concentration for extended periods; (3) the ability to respond appropriately to changes in the work setting; (4) the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms; and (6) the ability to perform at a consistent pace without an unreasonable number and length of rest periods. (Doc. 23 at 6).[3] Plaintiff argues that the ALJ failed to indicate how these moderate limitations would limit Plaintiff's ability to perform work related activities. The Commissioner responds that the evidence of record supports the ALJ's determination as to Plaintiff's RFC.

**1. Legal Standard**

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age, education, and work experience, the RFC is considered in determining whether

---

> severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
>
> 2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

SSR 96-6P, 1996 WL 374180, at *1 (1996).

[3] The Transcript contains records from two Dr. Clarks. Plaintiff appears to be referring to Patricia A. Clark, Psy.D., who completed a Mental Residual Functional Capacity Assessment on December 14, 2010 (Tr. at 362-65); and a Psychiatric Review Technique on December 14, 2010 (Tr. at 366-79). Thomas L. Clark, Ph.D. completed a Case Analysis on April 25, 2011 that affirmed the findings in Dr. Patricia Clark's Mental Residual Functional Capacity and Assessment Psychiatric Review Technique forms.

the claimant can work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

"Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown." *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).

### 2. Parties arguments

Plaintiff argues that SSR 96-6P requires the ALJ to explain the weight accorded to Dr. Patricia Clark's opinion. Plaintiff contends that the ALJ did partially comply with SSR 96-6P by

recognizing that Dr. Patricia Clark found that Plaintiff had moderate limitations in: (1) the ability to carry out, understand, and remember detailed instructions; (2) the ability to maintain attention and concentration for extended periods; (3) the ability to respond appropriately to changes in the work setting; (4) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and (6) the ability to perform at a consistent pace without an unreasonable number and length of rest periods.  Even though the ALJ acknowledged Dr. Patricia Clark's findings, Plaintiff claims that the ALJ erred in failing to indicate how these moderate limitations found by Dr. Patricia Clark would impact Plaintiff's ability to perform work related activities.  Plaintiff argues that the ALJ found Plaintiff retained the mental residual functional capacity to perform work if allowed breaks every two hours, if the interaction with others was incidental, and if there was no interaction with the general public, but these limitations do not encompass the limitations that were found by Dr. Patricia Clark.

Plaintiff also contends that Dr. Patricia Clark determined that Plaintiff could understand and remember very short simple instructions, carry out very short and simple instructions, make simple work related decisions, and ask simple questions.  Plaintiff claims that implicit in Dr. Patricia Clark's findings was that Plaintiff would: (1) have difficulty in maintaining attention for periods of time beyond two hours; (2) have difficulty completing a normal workday and workweek without interruptions from psychologically-based symptom; (3) have difficulty performing at a consistent pace without an unreasonable number and length of rest periods; and (4) have difficulty responding appropriately to changes in work settings.

The Commissioner responds that the ALJ considered the relevant evidence in determining Plaintiff's RFC.  The Commissioner points out that the ALJ gave Dr. Patricia Clark's opinion significant weight, and reviewed her entire opinion.  The Commission refers to

the ALJ's decision that incorporates Dr. Patricia Clark's observation that Plaintiff's financial stress was causing some influence on her mental functioning. Further, the Commissioner argues that the ALJ refers to the portion of Dr. Patricia Clark's findings that indicates Plaintiff was able to perform her activities of daily living. The Commissioner summarized other evidence in the record to show that the ALJ considered other relevant evidence of record that does not support the limitations set forth by Dr. Patricia Clark.

### 3. Summary of Dr. Patricia Clark's records

On December 14, 2010, Dr. Patricia Clark, Psy.D. completed a Mental Residual Functional Capacity Assessment. (Tr. at 362-65). Dr. Patricia Clark found Plaintiff moderately limited in the following areas: (1) her ability to understand and remember detailed instructions; (2) her ability to carry out detailed instructions; (3) her ability to maintain attention and concentration for extended periods of time; (4) her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) her ability to interact appropriately with the general public; (6) her ability to accept instructions and respond appropriately to criticism from supervisors; (7) her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (8) her ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (9) her ability to respond appropriately to changes in the work setting. (Tr. at 362-63).

Dr. Patricia Clark determined that despite the limitations mentioned above, Plaintiff continues retain the following work skills: (1) remember work-like procedures; (2) understand and remember very short simple instructions; (3) carry out very short and simple instructions; (4) maintain regular attendance and be punctual; (5) make simple work related decisions; (6) persist

9

at tasks within physical tolerances and skill levels for an eight-hour day, with regular breaks, normal levels of supervision, and while working in conjunction with others; (7) ask simple questions; (8) relate with coworkers/peers without distracting them (unduly) or exhibiting behavioral extremes; and (9) be aware of normal hazards and take appropriate cautions. (Tr. at 364). Dr. Patricia Clark found that Plaintiff would have difficulties in the following abilities due to psychiatric symptom severity: (1) maintaining attention for extended period of two hour segments; (2) completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; (3) accepting instructions and responding appropriately to criticism/feedback from supervisors; and (4) responding appropriately to changes in work setting. (Tr. at 364).

On December 14, 2010, Dr. Patricia Clark completed a Psychiatric Review Technique. (Tr. at 366-79). Dr. Patricia Clark determined that Plaintiff suffered from Affective Disorders, and found that Plaintiff suffered from Dysthymic Disorder. (Tr. at 366, 369). Dr. Patricia Clark found Plaintiff had a mild degree of restriction of activities of daily living, and had moderate difficulties in maintaining social functions, concentration, persistence, or pace. (Tr. at 376). Dr. Patricia Clark concluded that Plaintiff conducted activities of daily living independently; had difficulty sustaining interactions with others; preferred to be alone; was able to understand and retain instructions, concentrate, and complete tasks in a timely manner. (Tr. at 378).

### 4. Summary of ALJ's decision relating to Plaintiff's mental condition

The ALJ acknowledged that Dr. Patricia Clark found Plaintiff to have mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, but no episodes of decompensation of extended duration. (Tr.

10

at 16). The ALJ carefully reviewed Dr. Patricia Clark's findings, and in the decision, listed all the limitations found by Dr. Patricia Clark. (Tr. at 19). The ALJ also referred to Dr. Thomas Clark's affirmation of Dr. Patricia Clark's findings. (Tr. at 19).

The ALJ gave Drs. Patricia and Thomas Clark's opinions significant weight. (Tr. at 26). The ALJ acknowledged that Drs. Clark found that Plaintiff's depression causes some restrictions in Plaintiff's mental functioning. (Tr. at 26). The ALJ noted that Dr. Patricia Clark found that Plaintiff's financial stress, which is not an impairment, was also exerting negative influence on Plaintiff's mental health. (Tr. at 26). Both Drs. Clark found Plaintiff able to complete her activities of daily living independently, but with physical constraints. (Tr. at 26). After reviewing Plaintiff's mental treatment records, the ALJ concluded that Plaintiff was not as limited as Dr. Patricia Clark found, but was limited to performing work that will allow for her to have a break every two hours, only incidental interactions with others, and a job that does not involve interacting with the general public. (Tr. at 23).

To reach this conclusion, the ALJ reviewed in depth the medical evidence concerning Plaintiff's mental condition from other medical sources. These records spanned from as early as June 21, 2004 through December 6, 2012. (Tr. at 26). To summarize briefly, the ALJ noted that in June 2006, Plaintiff was fully oriented, made organized associations, exhibited moderate overt anxiety, affect was appropriate, modulation was fair, facies were depressed and apprehensive, interaction was appropriate, and Plaintiff was able to establish a good rapport. (Tr. at 23). The ALJ noted that Plaintiff was diagnosed with dysthymic disorder consistent with Drs. Patricia and Thomas Clark's opinions. (Tr. at 23-4). In November 2010, the ALJ noted Plaintiff was alert, fully oriented, her attention and concentration were normal, her memory was good, her abstraction was normal, her insight was fair, and her judgment was impaired. (Tr. at 24). The

11

ALJ also noted in November 2010 and again in March 2011 that even though Plaintiff was alert, her attitude was hostile and uncooperative, and her mood was angry, anxious, distraught, dysphoric, and fearful. (Tr. at 24).

The ALJ also summarized the reports of Noble Harrison, Ph.D., Plaintiff's treating psychologist, beginning in February 2011 as follows. (Tr. at 25). Dr. Harrison found Plaintiff's cognitive associations were reasonably well organized, recent and remote memory were adequate, and she was cooperative, but irritated. (Tr. at 25). In addition, Dr. Harrison found Plaintiff's mood to be irritable, affect to be hostile, and concentration, focus and memory to be poor. (Tr. at 25). Dr. Harrison diagnosed her with depressive disorder, PTSD chronic, and Borderline Personality Disorder. (Tr. at 25). Dr. Harrison found that Plaintiff was unlikely to be employable due to her mental conditions, notwithstanding her physical conditions. (Tr. at 25).

When considering Dr. Harrison's opinion, the ALJ noted that the decision as to whether Plaintiff is employable is an administrative finding that is reserved to the Commissioner, and not a medical issue. (Tr. at 25).[4] Further, the ALJ asserted that even with these diagnoses, Plaintiff performed her work at her past employment that consisted of staying at home, and processing medical billing and coding. Accordingly, the ALJ concluded that Plaintiff's social difficulties did not preclude her from employment as Dr. Harrison opined, as evidenced by her working during the time frame she was diagnosed with these mental conditions. (Tr. at 25). The ALJ found that Plaintiff was able to perform work activity with restricted interaction with others and, thus, the ALJ gave Dr. Harrison's opinion little weight. (Tr. at 25).

---

[4] The Commissioner, not a Plaintiff's physician, "is responsible for determining whether a claimant is statutorily disabled." *Denomme v. Comm'r, Soc. Sec.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (citations omitted).

12

After reviewing Plaintiff's mental status examination in November 2011, the ALJ noted that Plaintiff was diagnosed with bipolar disorder, depressed type, severe; post-traumatic stress disorder, chronic; and borderline personality disorder. (Tr. at 25). The ALJ also noted that Plaintiff reported that she had depression since grade school. (Tr. at 25). Even with these diagnoses, the ALJ again noted that Plaintiff had been working for years. Further, Plaintiff was fully oriented, her memory was good, her judgment and insight were good, and she had not attended counseling for nearly eight months. (Tr. at 25). The ALJ recognized that Plaintiff periodically went to Charlotte Behavior Health Care Center, but this minimal treatment was not consistent with the alleged disabling condition. (Tr. at 26). The ALJ noted that Plaintiff sought vocational rehabilitation and promised to search for work, which is also inconsistent with someone who claims to be disabled. (Tr. at 24). Lastly, the ALJ commented that Plaintiff did not leave her employment due to her being unable to work, but rather Plaintiff was laid off by her employer due to economic reasons, including that her employer wanted someone with more experience. (Tr. at 23 n.9, 26).

### 5. Analysis

Plaintiff argues that the ALJ erred in failing to include all of the limitations found by Dr. Patricia Clark in Plaintiff's RFC. The ALJ extensively reviewed all of the relevant medical evidence and other evidence of record relating to Plaintiff's mental condition. The ALJ limited Plaintiff's mental RFC to performing work that allows her to have a work break approximately every two hours, where interactions with others are incidental to the work performed, and that did not involve interacting with the general public. The RFC did not include all of the moderate limitations listed by Dr. Patricia Clark. Even though Plaintiff was diagnosed with certain mental conditions, the ALJ relied on the fact that Plaintiff had worked for years with these diagnoses.

Further, the requirements of her past relevant work did not include those additional limitations found by Dr. Patricia Clark, yet Plaintiff was able to perform her job. The ALJ noted that Plaintiff did not leave her job due to being unable to perform the work because of any of the limitations set forth by Dr. Patricia Clark. In fact, Plaintiff was laid off for economic reasons, including her employer wanting someone with more experience. These reasons are unrelated to Plaintiff's alleged mental or physical limitations. The ALJ also mentioned that Plaintiff claimed she became disabled the day after the date she was terminated from her position, yet failed to indicate any event that occurred that would have rendered her mentally or physically disabled the day after her job ended. The ALJ noted that Plaintiff had gaps in her counseling sessions, including an eight-month gap that the ALJ found to be inconsistent with someone with the disabling conditions as alleged.

  The ALJ clearly did not ignore the opinion of Dr. Patricia Clark, but reviewed all of her findings extensively. The ALJ carefully reviewed all of the relevant medical evidence including those reports that found Plaintiff to be fully oriented, and her memory, judgment and insight to be good. Moreover, after an extensive review of the record, the ALJ set forth concrete reasons as to why he did not include some of the limitations mentioned by Dr. Patricia Clark and affirmed by Dr. Thomas Clark. Further, the ALJ did include in the RFC a requirement that Plaintiff be able to take a break every two hours, which is an accommodation for a limitation in concentration. Therefore, the Court finds that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence. Thus, the ALJ did not err by failing to identify limitations in Plaintiff's RFC with respect to Plaintiff's ability to concentrate.

### B. Past Relevant Work

Plaintiff argues that the ALJ erred in failing to identify the complexity of the tasks involved in Plaintiff's past relevant work, and in considering whether Plaintiff had the mental residual functional capacity to perform those tasks. Plaintiff attached a copy of the job description for an "Administrative Assistant" as set forth in the *Dictionary of Occupational Titles* ("DOT") that included in the description an SVP of level 7, suggesting the need to perform detailed and complex tasks.[5] Plaintiff argues that even though she performed this job at home, it does not mean that the job was simple, routine, and repetitive or that it did not involve dealing with people over the telephone.

The Commissioner argues that the ALJ found that Plaintiff could perform her past relevant work as she actually performed it. Even though Plaintiff argues that she cannot perform the job of Administrative Assistant as defined in the DOT, the Commissioner contends that the finding of the ALJ was that Plaintiff could perform her past relevant work as she **actually** performed it, not as it is performed in the general economy.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). "[I]t it is the claimant's burden to demonstrate not only that she can no longer perform her past relevant work as she actually performed it, but also that she can no longer perform this work as it is performed in the general economy." *Id.* Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner

---

[5] "SVP" refers to the Specific Vocational Preparation Code found in the *Dictionary of Occupational Titles*.

15

has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386, at*4 (1982). A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

At the hearing, the ALJ questioned Plaintiff extensively concerning the requirements of her past relevant work. The ALJ asked Plaintiff to describe her past relevant work. Plaintiff indicated that she worked at home balancing receipts against expense reports, and then creating an invoice for the end customer. (Tr. at 37). Plaintiff described the job more as a bookkeeping job, where her employer would fax expense reports and receipts to her from traveling nurses and doctors, she would balance the two, and then create an invoice for the company. (Tr. at 37, 206). A further job duty was checking the accuracy of the receipts and the reports. (Tr. at 38-39). When working, Plaintiff was able to make her own schedule and take breaks as needed. (Tr. at 42).

In the decision, the ALJ compared Plaintiff's RFC with the physical and mental demands of Plaintiff's actual past relevant work. (Tr. at 27). Pursuant to Plaintiff's testimony at the hearing, the ALJ found that Plaintiff performed her past relevant work at a sedentary level. (Tr.

at 27). The ALJ noted that Plaintiff testified that she perform this job alone and at home, and the job involved the processing of expense reports, some keyboarding, and interacting with her boss or the individuals supplying reports. (Tr. at 27). The ALJ then compared Plaintiff's RFC with the physical and mental demands of her past relevant work as she actually performed it, and found that Plaintiff was able to return to her past relevant work as she actually performed it.

Plaintiff argues that the description of the job of Administrative Assistant in the DOT is a SVP level of 7, suggesting the job entails Plaintiff's need to perform detailed and complex tasks. The ALJ did not find that Plaintiff was able to perform the job of Administrative Assistant as performed in the general economy. Rather, the ALJ found that Plaintiff was able to perform her past relevant work as she actually performed it. The ALJ questioned Plaintiff as to the duties of her past relevant work as she actually performed it, meeting the ALJ's obligation to develop a full and fair record concerning the duties and requirements of Plaintiff's past relevant work as she actually performed it. The ALJ determined Plaintiff's RFC and then compared it to the physical and mental demands of Plaintiff's past relevant work as she actually performed it. The ALJ found that Plaintiff could perform her past relevant work as she actually performed it. Plaintiff bears the burden to show that she can no longer perform her past relevant work as she actually performed it. Plaintiff failed to meet this burden. Therefore, the Court finds that the ALJ's decision is supported by substantial evidence.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 2, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties